## AGRICULTURAL INS. CO. v. UTAH LIGHT & TRACTION CO. et al.

No. 7129.   Decided November 26, 1948.   (199 P. 2d 567.)

See 46 C. J. S., sec. 1204; 29 Am. Jur. 1007. Insurance covering damage to automobile by accident or collision, note, 105 A. L. R. 1436.

Rehearing denied, Feb. 28, 1949.

*E. L. Schoenhals,* of Salt Lake City, for appellant.

*Rawlings, Wallace & Black* and *Ray Quinney & Nebeker,* all of Salt Lake City, for respondent.

LATIMER, Justice.

This action was commenced in the district court to recover the sum of $2,157 claimed to have been paid by the plaintiff

to defendant, Mrs. Andy B. Floor, in settlement of a collision loss arising out of an accident between an automobile being driven by the deceased, Andy B. Floor, and a bus being driven by an agent of the defendant, Utah Light & Traction Company.

There is no substantial dispute in the evidence, and in this opinion, we refer only to those facts necessary for a proper discussion of the issues involved.

The deceased, Andy B. Floor, was killed on the 22nd day of March, 1944, in a collision between the car which he was driving north on G Street in Salt Lake City, Utah, and a bus belonging to the defendant, Utah Light & Traction Company, being driven west on Ninth Avenue.

Prior to the date of this collision, plaintiff had issued a combined automobile policy in which Andy B. Floor was named as assured. The policy indemnified deceased up to 80 per cent of any loss sustained by him as a result of collision; the remaining 20 per cent of the loss was to be assumed by the deceased. Included in the policy of insurance was the following provision:

"In the event of any payment under this policy, the company shall be subrogated to all the insured' rights of recovery therefor against any person or organization and the insured shall execute and deliver instruments and papers and do whatever else is necessary to secure such rights. *The insured shall do nothing after loss to prejudice such rights.*"

On the 2nd day of May, 1944, the defendant, Mrs. Andy B. Floor, otherwise known as Marie A. Floor, was duly appointed administratrix of the estate of Andy B. Floor, deceased. Shortly after being appointed, Marie A. Floor, as administratrix, commenced an action against the Utah Light & Traction Company by filing a complaint in which she alleged two causes of action. The first cause of action was to recover damages for the death of Andy B. Floor, and the second cause of action was for the value of the automobile demolished in the collision. On the 30th day of August,

1944, a second amended complaint was filed by Marie A. Floor, administratrix, against the defendant, Utah Light & Traction Company, and the same causes of action were involved and the same relief was demanded.

On the 22nd day of September, 1944, Mrs. Floor executed a proof of loss to the plaintiff in which she claimed the sum of $2,157 as the amount due under the terms of the policy. This amount was arrived at by deducting assured's portion of the claim, which amounted to $50, from the total loss of $2,207, leaving a loss to be paid by the insurance company of the sum of $2,157. As part of the proof of loss, Mrs. Floor executed a certificate of satisfaction and subrogation receipt which included the following provision:

"Also, that in consideration of payment for such replacement of repair, the undersigned hereby assigns and transfers to the said Company each and all claims and demands against any person, persons or property, arising from or connected with such loss or damage (and the said Company is subrogated in the place of and to the claims and demands of the undersigned against said person, persons or property in the premises) to the extent of the amount above named, and the said company is hereby authorized and empowered to sue, compromise or settle in my name or otherwise to the extent of the money paid as aforesaid."

On October 5, 1944, the plaintiff issued to Mrs. Floor for the account of Andy B. Floor, deceased, and Utah State National Bank, who held a mortgage on the car, its draft in the sum of $2,157. This draft was endorsed by Mrs. Floor as administratrix of the estate of the deceased, Andy B. Floor, and the bank loan was satisfied.

On the 11th day of December, 1944, Mrs. Floor, as administratrix, moved to amend her second amended complaint by striking the second cause of action. This was the cause of action setting up the claim for damages to the automobile. The lower court permitted the requested amendment and, accordingly, this cause of action appeared to be no longer involved.

On the 23rd day of December, 1944, Mrs. Floor, as administratrix of the estate of Andy B. Floor, entered into a certain agreement with the defendant, Utah Light & Traction Company, and in consideration of the sum of $17,500.00, she executed a certain release wherein she released the Utah Light & Traction Company from all claims of whatsoever kind or character resulting from the collision. This release included all elements and particularly the damages to the automobile and the damages to the surviving heirs as a result of the death of their husband and father, Andy B. Floor. Pursuant to the terms of this settlement, Mrs. Floor, as administratrix, on the 28th day of December, 1944, had an order of dismissal with prejudice entered in her suit, against the defendant, Utah Light & Traction Company.

On September 20, 1945, plaintiff commenced this action against both defendants alleging in substance that the defendant Utah Light & Traction Company was liable for the death of Andy B. Floor; that plaintiff was subrogated to the rights of Mrs. Floor to the extent of the sum paid, namely, $2,157, and that unless the release, executed by Mrs. Floor, released the cause of action for the damages to the car, that the Utah Light & Traction Company was liable for the amount paid by the plaintiff. As against Mrs. Floor, the plaintiff alleged in substance that if the release executed by her released the Utah Light & Traction Company from all liabilities and damages arising out of the collision that the plaintiff was entitled to recover from Mrs. Floor the amount paid to her pursuant to the terms of the insurance policy.

Both defendants filed demurrers to plaintiff's complaint and the lower court sustained the demurrer of the Utah Light & Traction Company. Plaintiff proceeded against Mrs. Andy B. Floor and after a trial on the merits, the lower court entered a judgment, no cause of action. From this judgment, plaintiff prosecutes this appeal.

Plaintiff has assigned various errors on the part of the trial court, but in view of the present record, and for the

reasons hereinafter given, we are unable to consider any of the errors assigned. This action was commenced by plaintiff against Mrs. Andy B. Floor individually and not against her in her representative capacity as an administratrix. The insurance policy involved in this action designated Andy B. Floor as the sole assured. The person succeedng to his right under the policy would be his personal representative. Mrs. Floor in her individual capacity was not a party to the insurance policy, and she could not acquire any right to claim the proceeds of the policy as these would be payable to Mr. Floor's estate. The draft issued by the plaintiff company was to the order of Mrs. Andy B. Floor in her representative capacity, and the endorsement on the back of the draft is by her in the same capacity. The insurance policy, the proof of loss, and the draft designated the Utah State National Bank as a mortgagee, and undoubtedly a portion of the funds, realized from the payment made by plaintiff, were used to pay the amount then due the mortgagee on the car, which, from the insurance policy, appeared at that time to be in excess of $1,000.

The suit instituted by Mrs. Floor against the Utah Light & Traction Company to recover the damages arising out of the collision with the bus was commenced in her capacity as an administratrix. The dismissal of the action both for the damage to the car and for the death of Mr. Floor was in the same capacity. The release Mrs. Floor executed to the Utah Light & Traction Company shows the cause of action to be the one alleged by her as an administratrix, and her release of the same was in that capacity.

Plaintiff's cause of action against Mrs. Floor is predicated upon the theory that by executing the release to the Utah Light & Traction Company, Mrs. Floor breached her contract of insurance and violated the terms of her subrogation agreement, in that having obtained a settlement from the Utah Light & Traction Company and by having included in the release the damages occasioned to the automobile, Mrs. Floor prejudiced the rights of the plaintiff company to

pursue its remedy against the Utah Light & Traction Company. This theory might be tenable against Mrs. Floor in her representative capacity, but it cannot be sustained against her in her individual capacity. She, indivdually, did not receive any money from the insurance company, and she could not release a cause of action belonging to the estate in any capacity, save and excepting that of a personal representative. She was not a party to the contract of insurance, and she had no personal interest in the damage to the automobile excepting such as she might acquire by virtue of heirship. Unless she acted in her representative capacity, she did not and could not affect plaintiff's right to proceed against the Utah Light & Traction Company, as a release by her as a surviving heir would not be binding on the estate or any company claiming rights through the estate. If she acted in a representative capacity and used the funds obtained from the insurance company for the benefit of the estate, she should not be held personally liable for the return of the funds. If there has been a breach of the contract of insurance, it must have been accomplished by someone who, in law, is a party to the contract and not by one who is a stranger. The present action seeks to place responsibility upon the stranger.

If we test Mrs. Floor's personal liability by the theory of an implied promise to repay the sum received from the insurance carrier, or by the theory that she is holding the money for the use and benefit of the insurance company, we arrive at the same result.

Assuming the Utah Light & Traction Company has paid Mrs. Floor, as administratrix, for the damage to the car and after she had been paid for the same damages by the insurance company, there would be created an implied promise to repay the amount received from the insurance company. However, this implied promise could not be created against a person who did not receive the payments. In this particular action, Mrs. Floor received the money from the insurance company in her representative capacity and, likewise, re-

ceived the money from the Utah Light & Traction Company in the same capacity. Accordingly, the implied promise to repay the insurance company could only be created against her in the capacity in which she received the money.

If we follow out the other theory that the claim against the Utah Light & Traction Company for the damages to the car has been transferred to the plaintiff to the extent of 80 per cent of the loss, and any payments thereafter made by the Utah Light & Traction Company to Mrs. Floor in her capacity as administratrix upon its claim for damages to the car, would be held by her for the benefit of the insurance company, under the evidence, we are required to hold that if Mrs. Floor received any money in settlement of the automobile damage claim, she received it in her capacity as adminstratrix of the estate; that she would be holding the money in this capacity for the use and benefit of the insurance company; and that she could not be charged individually with funds that were being held by her in her representative capacity.

Were we to treat the various transactions as individual matters, then Mrs. Floor has not in any way prejudiced the rights of the insurance carrier. As an individual, she could not release any rights the estate had and the release and discharge of the obligation would be ineffective. Either Mrs. Floor acted in her representative capacity and gave a valid release to the Utah Light & Traction Company, which might be treated as having impaired or prejudiced the rights of the plaintiff, or she must be treated as having dealt with the two companies as an individual; and in this latter event, any release given by her to the Utah Light & Traction Company for the damage to the car would be of no force and effect.

The capacity in which Mrs. Floor is sued is important and not fanciful. The record establishes she is not the sole distributee of deceased's estate, and if a personal judgment were rendered against her, she would be liable for the full

amount of the judgment. She would thus be required to return all the money to the insurance carrier regardless of the fact that the estate received the proceeds of the draft and other heirs benefited by the estate having the use of the money.

The judgment is affirmed.

McDONOUGH, C. J., and WADE and WOLFE, JJ., concur.

PRATT, J., concurs in the result.